Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: March 29th, 2019**

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| IN RE: | CASE NO. 2:18-bk-20617 |
|---|---|
| VICKI LYNN WOODS-DENNISON, | CHAPTER 13 |
| Debtor. | JUDGE FRANK W. VOLK |

### MEMORANDUM OPINION AND ORDER
### DISMISSING CASE AND BARRING DEBTOR
### FROM REFILING FOR A PERIOD OF 180 DAYS

Pending is the Chapter 13 Trustee's Motion to Dismiss Case for Failure to Obtain Pre-Petition Credit Counseling [Dckt. 14] and the Chapter 13 Trustee's Motion to Dismiss Case for Failure to Attend Two Scheduled Meetings of Creditors [Dckt. 18]. The Court heard arguments on February 6, 2019. These matters are ready for adjudication.

**I.**

Ms. Woods-Dennison has filed eight prior bankruptcy petitions as follows:

| Case No. | Date Filed | Date Dismissed |
|---|---|---|
| 2:04-bk-20852 (Ch. 13) | March 26, 2004 | February 2, 2010 |
| 2:12-bk-20395 (Ch. 13) | June 14, 2012 | March 13, 2013 |
| 2:13-bk-20156 (Ch. 13) | March 25, 2013 | May 24, 2013 |
| 2:13-bk-20282 (Ch. 13) | May 23, 2013 | November 14, 2013 |
| 2:13-bk-20632 (Ch. 7) | December 16, 2013 | October 1, 2014 |
| 2:14-bk-20630 (Ch. 13) | December 2, 2014 | February 5, 2015 |
| 2:15-bk-20091 (Ch. 13) | February 26, 2015 | April 20, 2015 |
| 2:15-bk-20294 (Ch. 13) | May 27, 2015 | July 13, 2015 |

The first case was a joint filing and was discharged after successful completion of the plan.

The second case was dismissed on motion by the Chapter 13 Trustee for failure to make plan payments. The case was reinstated but that order was later rescinded, and the case was again dismissed.

In her third case, Ms. Woods-Dennison failed to file the required financial documents and failed to obtain pre-petition credit counseling. The case was dismissed on motion by the Chapter 13 Trustee for failure to obtain pre-petition credit counseling.

The fourth case was again dismissed on motion by the Chapter 13 Trustee for failure to make plan payments.

In her fifth case, Ms. Woods-Dennison received a Chapter 7 discharge after the case was classified as a no asset case by the Chapter 7 Trustee.

Her sixth, seventh, and eighth cases all proceeded in a similar fashion. In each of these cases, Ms. Woods-Dennison failed to file a Chapter 13 plan and failed to complete the required pre-petition credit counseling. The sixth and seventh cases were both dismissed on motion by the Chapter 13 Trustee for failure to obtain pre-petition credit counseling. Her eighth case, however, was dismissed with prejudice based on motion by the United States Trustee and a finding of abuse by this Court. Ms. Woods-Dennison was prohibited from filing any further bankruptcy petitions until October 1, 2018.

Ms. Woods-Dennison has also failed to pay the filing fee in six of her nine cases, for a total outstanding fee obligation of $1,731.75.[1]

Ms. Woods-Dennison filed the present case on December 14, 2018. She (1) failed to attend two scheduled § 341 meetings of creditors, (2) did not file required documents (including credit counseling certificates, schedules, tax returns, and the statement of financial affairs), and (3) failed to pay filing fees.

The Chapter 13 Trustee filed two separate motions to dismiss this case. The first is based on Debtor's failure to obtain the required pre-petition credit counseling. Debtor made a request for a 30-day temporary waiver based on exigent circumstances [Dckt. 2]. Proof of completed counseling was due January 14, 2019. As of the February 6, 2019, hearing, Debtor had not filed proof of the completed counseling.

The second motion to dismiss is based on Debtor's failure to attend two scheduled meetings of creditors held on January 9, 2019, and January 23, 2019. Ms. Woods-Dennison failed to appear at the February 6, 2019, hearing to provide an explanation for these failures.

## II.

**A.　Governing Standard**

Title 11 U.S.C. § 109 governs who may be a debtor. Section 109(g)(1) provides as follows:

> (g) Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--

---

[1] It is unclear from the record if Ms. Woods-Dennison received a waiver of the $281.00 filing fee in her second case (case no. 2:12-bk-20395) and the Court will consider this fee waived. Despite the waiver, Ms. Woods-Dennison yet owes $1,731.75 in unpaid fees.

3

>   (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . .

11 U.S.C. § 109(g)(1).

This 180-day filing ban is "an extraordinary remedy for perceived abuses of the [Bankruptcy] Code." *Houck v. Substitute Trustee Servs.*, 791 F.3d 473 (4th Cir. 2015) (quoting *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1104 (10th Cir. 1991) (internal quotation marks omitted)). "Willful," although not defined in the Bankruptcy Code, has been interpreted as meaning "deliberate or intentional." *Denisar v. Payne*, No. 5:12cv00090, 2013 U.S. Dist. LEXIS 10047, at *9 (W.D. Va. Jan. 25, 2013) (quoting *Walker v. Stanley*, 231 B.R. 343, 347-47 (N.D. Cal. 1999) (citing *In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996))). Failing to make a Chapter 13 Plan payment or missing a single hearing or 341 meeting of creditors does not rise to the level of "willful." *Id.* However, courts have interpreted repeated conduct as deliberate conduct. *Id.* And, importantly, "the court will infer from a pattern of dismissals and re-filing in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent." *Id.* at *10 (quoting *Walker*, 231 B.R. at 348 (quoting *Hererra*, 194 B.R. at 189 (quoting *In re Nelkovski*, 46 B.R. 542, 545 (Bankr. N.D. Ill. 1985))).

For example, in *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933 (4th Cir. 1997), the debtor failed to attend the initial creditors meeting and did not file schedules. Our court of appeals described these actions as constituting "an abuse of the protection afforded her by the bankruptcy system." *Tomlin*, 105 F.3d at 941. Furthermore, "[h]er purpose seemed clear; by continuously filing petitions, the automatic stay prevented foreclosure action on her home." *Id.*

4

Importantly, the court of appeals noted that the *Tomlin* debtor's behavior was "the very behavior for which Congress formulated § 109(g)." *Id.*

**B.     Analysis**

### 1. Bar to Refiling

In the present case alone, Ms. Woods-Dennison has demonstrated behavior satisfying the requirements of section 109(g)(1). There is exhibited in the relevant filings a flagrant disregard for the bankruptcy process. Essentially, the Debtor filed her cases and then took no action to abide by the Code. She has continuously failed to file a Chapter 13 plan, to obtain required pre-petition credit counseling, and to pay filing fees.

This pattern evidences deliberateness and willfulness. The Court will infer from her actions an abuse of the bankruptcy process. Her behavior, as in *Tomlin*, is the very behavior for which Congress formulated section 109(g)(1).

It is **ORDERED** that Ms. Vicki Lynn Woods-Dennison be, and is hereby, barred from filing another bankruptcy case under this title for 180 days from the entry of this written opinion and order.

### 2. Chapter 13 Trustee's Motions to Dismiss

Under 11 U.S.C. § 109(h)(1), a debtor is required to receive credit counseling prior to filing the bankruptcy petition. Here, Ms. Woods-Dennison made a request for a 30 day temporary waiver based on exigent circumstances allowed under 11 U.S.C. § 109(h)(3). Proof of completed counseling was due January 14, 2019. As of the February 6, 2019, hearing, she had still not completed the counseling.

Further, a debtors attendance at the § 341 meeting of creditors is required under 11 U.S.C. § 343(a). In this case, Ms. Woods-Dennison failed to attend two separate meetings of the creditors which occurred on January 9, 2018, and January 23, 2019.

Because Ms. Woods-Dennison has failed to complete the required pre-petition counseling and failed to attend two scheduled meetings of creditors,

**IT IS ORDERED** that the both the Trustee's Motions to Dismiss be, and hereby are, **GRANTED**.

Further, Ms. Woods-Dennison owes unpaid filing fees in the amount of $1,731.75. In the event the Debtor files a new bankruptcy case following expiration of the bar period and has not at that time paid the $1,731.75 due and owing, the trustee may move promptly for dismissal. *See*, *e.g.*, *In re Domenico*, 364 B.R. 418, 423 (Bankr. D.N.M. 2007) ("The Court therefore concludes that the phrase 'any fees or charges required under chapter 123 of title 28' is not limited to those fees or charges arising out of the Debtor's current case, but in this instance also includes the $144 remaining unpaid from his previous chapter 13 case."). In the event the Debtor ignores the bar period and files anew prior to expiration of such period, the trustee may move for dismissal and an order to show cause.